**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSHUA MCCOLLUM, OAKFORD CRAWSON LLC, JEFFREY MAGOVENY, NG BOON MIN, LIM TECK YEOW, ALEXEJ KRAVETSKER, and MICHAEL MEDOVOJ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIRCLE INTERNET GROUP, INC., and CIRCLE INTERNET FINANCIAL, LLC,<br><br>Defendants. | Civil Action No. 1:26-cv-11733-WGY |

**DEFENDANTS' MOTION TO STAY DISCOVERY**
**PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**
**THE AMENDED CLASS ACTION COMPLAINT**

## INTRODUCTION

Defendants Circle Internet Group, Inc. (CIGI) and Circle Internet Financial, LLC (Circle LLC) respectfully move this Court for an order staying party discovery pending the resolution of Defendants' Motion to Dismiss the Amended Class Action Complaint. *See* Dkt. 25.[1] The pending Motion to Dismiss constitutes good cause to stay discovery for two reasons. First, resolution of the Motion to Dismiss could fully resolve the case or narrow the parties and claims at issue. Requiring the parties to proceed prematurely with costly discovery makes little sense when some, or all, of the lawsuit may be dismissed. This is especially the case here where one party—CIGI—is not even adequately alleged to be subject to the Court's personal jurisdiction. Second, prudential considerations heavily favor a stay. A brief stay of discovery will conserve the Court's and parties' resources, and it will not cause unreasonable delay or prejudice Plaintiffs, since even with a stay the parties will be able to complete discovery in time for the July 2027 trial setting. For these reasons, good cause exists for a stay of party discovery pending resolution of the Motion to Dismiss.

## FACTUAL BACKGROUND

Plaintiffs allege that they and others lost approximately $285 million in cryptocurrency when a group of suspected North Korean cybercriminals hacked a cryptocurrency trading platform called Drift Protocol. *See* Amended Complaint, Dkt. 4. Instead of seeking to hold the cybercriminals or trading platform responsible for this theft, Plaintiffs sued Defendants—which have no connection to the hackers, Drift Protocol, or Plaintiffs—for aiding-and-abetting conversion and negligence. *See id.* ¶¶ 98-110. Defendants moved to dismiss the Complaint on June 22, 2026 under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). *See* Dkt. 25.

---

[1] As noted in the Joint Case Management Order (Dkt. 24), Defendants propose that Plaintiffs be permitted to conduct third-party discovery while the Motion to Dismiss is pending.

As explained in the Motion to Dismiss, Plaintiffs' claims are deficient as a matter of law. With respect to their aiding-and-abetting claim, Plaintiffs do not plausibly allege that Defendants substantially assisted the hackers' theft or intended to assist them, nor do Plaintiffs allege that Defendants had the requisite knowledge. With respect to their negligence claim, Defendants did not owe Plaintiffs a duty of care under Massachusetts law. Also, this claim is barred by the economic-loss doctrine. Further, Plaintiffs do not plausibly allege any facts showing the Court can exercise personal jurisdiction over CIGI, which lacks any relevant contacts with Massachusetts as required to establish personal jurisdiction.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense," including an order staying discovery pending the outcome of a dispositive motion. Fed. R. Civ. P. 26(c)(1). District courts "possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). That authority includes the court's "broad discretion to stay discovery pending resolution of a motion to dismiss." *Dicenzo v. Mass. Dep't of Corr.*, No. 3:15-cv-30152-MGM, 2016 WL 158505, at *1 (D. Mass Jan. 13, 2016). In deciding whether the moving party has shown good cause, courts consider whether the stay is "reasonable in duration" and "must ensure that competing equities are weighed and balanced." *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992).

## ARGUMENT

The Court should exercise its broad discretion in favor of staying party discovery pending a ruling on the Motion to Dismiss for two reasons.

First, a "pending dispositive motion [to dismiss] constitutes good cause for a stay of discovery." *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 3:17-cv-30037-MAP,

2018 WL 3727365 (D. Mass. Aug. 6, 2018); *Dicenzo*, 2016 WL 158505, at *2 (staying discovery pending resolution of dispositive motions). Courts routinely stay discovery when a pending motion to dismiss could "fully resolve the case," because avoiding potentially unnecessary discovery "furthers the ends of economy and efficiency." *Channing Bete Co. v. Greenberg*, No. 3:19-cv-30032-MGM, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021) (quoting *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001)); *see also, e.g.*, Order Granting Mot. to Stay Discovery Pending Resolution of Mot. to Dismiss, *Francisco v. Francisco*, No. 1:24-cv-11598-BEM (D. Mass. Aug. 9, 2024) (Young, J.), Dkt. 19;[2] Order Granting Mot. to Stay Discovery Pending a Ruling on Def.'s Mot. to Dismiss, *Swanson v. Mass. Sup. Jud. Ct.*, No. 17-cv-11769-WGY (D. Mass. Nov. 9, 2017) (Young, J.), Dkt. 14.

Here, Defendants raise serious arguments that challenge the entirety of the Complaint. If the Court grants the Motion to Dismiss, "there will be no need for discovery." *Chavous*, 201 F.R.D. at 5 (staying discovery pending resolution of dispositive motions).[3] The Complaint alleges aiding-and-abetting and negligence claims that are directly contradicted by well-established precedent. For aiding and abetting, Plaintiffs fail to plausibly allege that Defendants substantially assisted the theft or had actual knowledge of, or intent to facilitate, the theft, which is fatal to their claim. Instead, Plaintiffs rest on allegations of *inaction*, which are insufficient. The negligence claim is

---

[2] *Francisco* was reassigned to Judge Murphy on November 17, 2025. *See* Notice of Reassignment, *Francisco*, No. 1:24-cv-11598-BEM (D. Mass. Nov. 17, 2025), Dkt. 87.

[3] Even if the Court's decision does not dispose of all claims, "the possibility that a single claim will survive does not preclude" a stay of discovery. *Channing Bete Co.*, 2021 WL 4398510, at *2. Indeed, a partial grant on a motion to dismiss still has the effect of narrowing the scope of claims (and consequently, relevant discovery) at issue. It thus "makes little sense to force" the parties to proceed with "expensive discovery where all, or part, of the case may be dismissed." *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, No. 15-14188-MLW, 2016 WL 11004353, at *2 (D. Mass. June 15, 2016) (granting motion to stay discovery pending resolution of a motion to dismiss).

likewise meritless. Massachusetts imposes no duty on companies to protect non-customers from third parties. Because the claims have no merit under black-letter law, it is critical that Defendants not be forced to spend money on wasteful and unnecessary discovery. Fed. R. Civ. P. 1 (emphasizing the priority of securing "the just, speedy, and inexpensive determination of every action").

This principle carries even greater significance in this case where one Defendant—CIGI—is not even adequately alleged to be subject to the Court's personal jurisdiction. Resolving that threshold issue before permitting the parties to engage in discovery is essential because of "the due process considerations that personal jurisdiction is designed to protect." *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-cv-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014) (staying discovery is "consistent" with a pending Rule 12(b)(2) motion). Otherwise, parties would be forced to participate in discovery in a court that lacks jurisdiction over one of them. *Morrill v. Stefani*, No. 17-cv-00123, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017). For this reason, courts routinely stay discovery until they can determine whether they have proper jurisdiction over the parties. *See, e.g.*, *J.J. Reidy & Co. v. Airwater Corp.*, No. 05-40049, 2005 WL 3728726, at *9 (D. Mass. Sept. 27, 2005) (noting the court had previously granted motion to stay discovery pending resolution of Rule 12(b)(2) motion); *Vora v. Dionne*, No. 22-cv-00572-CNS-MDB, 2022 WL 14813723 (D. Colo. Oct. 26, 2022) (granting motion to stay discovery pending resolution of Rule 12(b)(2) motion). The Court should reach the same conclusion here.

Second, granting this Motion to Stay Discovery will not cause unreasonable delay or prejudice Plaintiffs. The parties can promptly coordinate on a schedule to complete discovery, if needed, after the disposition of the Motion to Dismiss to ensure trial readiness by July 2027.[4] Since

[4] The Court has placed this case on the July 2027 running trial list. Dkt. 11.

the allegations focus on events occurring within eight hours on a single day (April 1, 2026), Defendants anticipate that any necessary party discovery can be narrowly tailored and efficiently completed. Also, Plaintiffs have said that they may need extra time to pursue third-party discovery because relevant third parties are located outside the United States—in particular, the operators of Drift Protocol. But Defendants seek only a stay of *party* discovery; Plaintiffs may pursue any time-consuming overseas discovery from third parties. Thus, pausing party discovery until the Motion to Dismiss is decided "will not unreasonably delay the litigation." *Hillside Plastics, Inc.*, 2018 WL 3727365, at *2. Moreover, Plaintiffs will not suffer any prejudice by a brief pause in discovery. Because this is an "action for damages" and Plaintiffs seek no preliminary injunctive relief, "[i]mmediate discovery is unnecessary to protect any interest." Defs.' Mot. to Stay Discovery Pending Resolution of Mot. to Dismiss at 3, *Francisco*, No. 1:24-cv-11598-BEM (D. Mass. Aug. 8, 2024), Dkt. 17; Order Granting Mot. to Stay Discovery Pending Resolution of Mot. to Dismiss, *Francisco*, No. 1:24-cv-11598-BEM (D. Mass. Aug. 9, 2024) (Young, J.), Dkt. 19.

If discovery is permitted to proceed prematurely, however, it will be costly to both the parties and burdensome to the Court—and may ultimately prove to be unnecessary if the Motion to Dismiss is granted. Even though discovery can be tailored to the single day at issue, Defendants anticipate that it will still impose significant expenses, particularly in light of Plaintiffs' class certification allegations. And if discovery begins immediately, the Court likely will be asked to devote time to resolving discovery disputes—all before deciding the Motion to Dismiss, which may well resolve the entire case. A stay thus furthers the "economy of time and effort for [the Court], for counsel, and for litigants." *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995) (quoting *Landis v. N.A. Co.*, 299 U.S. 248, 254 (1936)). Because a brief discovery stay avoids "potentially unnecessary discovery costs," does "not significantly prejudice [Plaintiffs],"

and promotes judicial economy, the Court should grant the Motion. *Hillside Plastics, Inc.*, 2018 WL 3727365, at *2.

## CONCLUSION

Defendants respectfully request that the Court stay party discovery pending the Court's resolution of Defendants' pending Motion to Dismiss.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

In compliance with Local Rule 7.1(a)(2), counsel for Circle Internet Group, Inc. and Circle Internet Financial, LLC has conferred with counsel for Plaintiffs in a good faith attempt to reduce or narrow the issues raised in this Motion. Counsel were unable to reach agreement.

Dated: June 22, 2026

Respectfully submitted,

CIRCLE INTERNET GROUP, INC., and
CIRCLE INTERNET FINANCIAL, LLC,

By its counsel,

*/s/ Chris M. Morrison*

Christopher M. Morrison, BBO# 651335
JONES DAY
680 Atlantic Avenue, Suite 2400
Boston, MA 02110
Telephone: 1.617.960.3939
Facsimile: 1.617.449.6999
cmorrison@jonesday.com

Paula S. Quist (admitted *pro hac vice*)
JONES DAY
110 N. Wacker Dr., Suite 4800
Chicago, IL 60606
Telephone: 1.312.269.4277
pquist@jonesday.com

Mark W. Rasmussen (admitted *pro hac vice*)
JONES DAY
2727 N. Harwood St., Suite 600
Dallas, TX 75201
Telephone: 1.214.969.4892
mrasmussen@jonesday.com

Alexander J. Wilson (admitted *pro hac vice*)
JONES DAY
250 Vesey St.
New York, NY 10281
Telephone: 1.212.326.8390
alexanderwilson@jonesday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026 the foregoing was filed through the Court's CM/ECF system and will be sent electronically to the registered participants.

*/s/ Christopher M. Morrison*
Christopher M. Morrison