**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JOSHUA MCCOLLUM, OAKFORD CRAWSON LLC, JEFFREY MAGOVENY, NG BOON MIN, LIM TECK YEOW, ALEXEJ KRAVETSKER, and MICHAEL MEDOVOJ, on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

CIRCLE INTERNET GROUP, INC., and CIRCLE INTERNET FINANCIAL, LLC,

*Defendants*.

**Case No. 1:26-cv-11733-WGY**

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiffs respectfully move for leave to file a second amended complaint to add additional plaintiffs upon resolution of Defendants' motion to dismiss. The requested amendment does exactly what the parties and the Court anticipated in the Case Management Order: name additional plaintiffs without altering the claims, legal theories, or issues presented by Defendants' pending motion to dismiss. Because the requested amendment is timely, causes no prejudice to Defendants, and will neither expand the scope of this litigation nor disrupt the existing case schedule, Rule 15(a)'s liberal standard readily warrants granting leave.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joshua McCollum filed this case in April 2026 alleging that Defendants assisted cybercriminals linked to North Korea in getting away with over $230 million in assets stolen from him and other investors. Dkt. No. 1. Plaintiffs filed the First Amended Complaint on May 11, 2026, adding six additional Plaintiffs who also suffered losses. Dkt. No. 4. Since Plaintiffs' amendment, additional victims have contacted Plaintiffs' counsel and wish to be named to the lawsuit.

In the Case Management Order, the parties agreed that Plaintiffs may seek leave of Court to add additional plaintiffs on or before July 21, 2026, and that Defendants will not oppose the request. Dkt. No. 28 at 2–3. The parties agreed "that any such amendment shall not change the substantive claims and will have no legal effect on the Defendants' forthcoming Rule 12 Motion." *Id.* at 2. Plaintiffs, however, did "not waive any rights [they] may otherwise have to seek to amend the complaint." *Id.* at 2–3.

Defendants moved to dismiss the Amended Complaint on June 22, 2026. Dkt. No. 25. Plaintiffs filed an opposition on July 6, 2026, and alternatively requested leave to amend the pleading to cure any grounds for dismissal. Dkt. No. 38 at 25. Defendants filed a reply in support of their motion on July 14, 2026. Dkt. No. 41.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) permits amending a complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Amendments sought with an opposing party's consent are "generally . . . considered permissible under Rule 15(a)(2)" and "the court has little discretionary control over the matter." *Ryan v. Newark Grp., Inc.*, 2024 WL 4815478, at *10 (D. Mass. Nov. 18, 2024) (Guzman, J.) (citing appellate authorities), *reconsideration denied*, 349 F.R.D. 254 (D. Mass. 2025). "Even so, consented-to amendments . . . may be denied when . . . conditioned on the further action and discretion of the court or triggers . . . concerns about 'the costs that protracted litigation places on the courts.'" *Id.* (quoting *Fort. Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990)).

Even if adverse parties do not consent to an amendment, leave of court should be "freely give[n] . . . when justice so requires." *See Carreiro v. Toter, LLC*, 2021 WL 3726939, at *2 (D. Mass. Aug. 23, 2021) (Talwani, J.) (where scheduling order deadline has not yet passed, "freely give[n]" standard applies, not "good cause") (citations omitted). This standard is "not a high one." *Belcher v. Bank of N.Y. Mellon*, 2021 WL 294089, at *3 (D. Mass. Jan. 28, 2021) (Talwani, J.) "[T]he rule requires the court to liberally grant motions

to amend," except where there is "undue delay, bad faith or dilatory motive on the part of the movant" or where amendment "would be futile." *Id.* at *3.

## IV. ARGUMENT

The Court should grant Plaintiffs leave to amend their complaint to name additional plaintiffs. Amendment for this purpose was contemplated and agreed to by the parties and will require no additional action or discretion by this Court. Further, the request is timely made within the agreed-to time limit provided in the Case Management Order and poses no risk of prejudice to Defendants because the amendment does not involve any new theories or requested relief.

Since this action was first filed, Plaintiffs' counsel has continually received inquiries from other purported victims of the Drift exploit seeking legal representation. Six of those victims were added as Plaintiffs in the Amended Complaint of May 11, 2026. Dkt. No. 4. The parties anticipated the addition of more plaintiffs in their pretrial case schedule ordered by the Court on June 25. Dkt No. 28 at 2–3 (providing that Plaintiffs will move to add plaintiffs by July 21, 2026, and preserving Defendants' ability to depose them). As expected, Plaintiffs' counsel now represents or is investigating the potential claims of additional Drift depositors seeking to join this action.

Adding these individuals as plaintiffs will require no additional action or discretion by this Court. Plaintiffs propose filing a Second Amended Complaint within 14 days of an order denying Defendants' motion to dismiss in whole or in part. Should the Court dismiss the case fully and grant Plaintiffs leave to amend, Plaintiffs propose adding the new plaintiffs at that time. In either circumstance, the amended complaint

will simply supersede the currently operative Amended Complaint with little or no additional action by the Court. Accordingly, there are no concerns that this will protract the litigation and impose additional costs on the courts. *Ryan*, 2024 WL 4815478, at *10 (quoting *Standard Havens*, 901 F.2d at 1380).

Alternatively, Plaintiffs' proposed amendment is appropriate under the "freely given" standard. This motion was "made as soon as the necessity for altering the pleading bec[ame] apparent" — indeed, within the timeframe agreed to by the parties and endorsed by the Court. *Hum. Res. Dev. Press, Inc. v. IKON Office Sols., Inc.*, 246 F.R.D. 82, 86 (D. Mass. 2007) (Neiman, C.M.J.) (quoting 6A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Practice and Procedure § 1488 (2d ed. 2003)). The amendment also poses no prejudice to Defendants. Adding plaintiffs would not "inject[] a new theory or relief into the litigation." *Ryan*, 2024 WL 4815478, at *11 (citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)). Nor does the amendment "expand the scope and nature of the original litigation by bringing in new defendants or claims unrelated to earlier pleadings." *Id.* (citing *Evans v. Thompson*, 2016 WL 2901729, at *1 (D. Mass. May 18, 2016) (Dein, M.J.)). Accordingly, granting leave to amend will "neither expand the scope of discovery nor cause a disruption in the discovery or trial schedule." *Id.* (quoting *El Dia, Inc. v. Rossello*, 30 F. Supp. 2d 160, 165 (D.P.R. 1998)).

## V. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to amend their complaint for the sole purpose of adding plaintiffs, as agreed to by the parties and provided in the Case Management Order.

Dated: July 21, 2026

Respectfully submitted,

*/s/ Parker Hutchinson*

Parker Hutchinson (admitted *pro hac vice*)
Rosemary M. Rivas (admitted *pro hac vice*)
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
pnh@classlawgroup.com
rmr@classlawgroup.com

John Roddy (BBO #424240)
**BAILEY & GLASSER LLP**
101 Arch Street, 8th Floor
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3954
jroddy@baileyglasser.com

*Counsel for Plaintiffs Joshua McCollum, Oakford Crawson LLC, Jeffrey Magoveny, Ng Boon Min, Lim Teck Yeow, Alexej Kravetsker, Michael Medovoj, and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, the foregoing was filed through the Court's CM/ECF system and will be sent electronically to the registered participants.

*/s/ Parker Hutchinson*
Parker Hutchinson