# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSHUA MCCOLLUM, OAKFORD CRAWSON LLC, JEFFREY MAGOVENY, NG BOON MIN, LIM TECK YEOW, ALEXEJ KRAVETSKER, AND MICHAEL MEDOVOJ ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br>*Plaintiffs*,<br>v.<br>CIRCLE INTERNET GROUP, INC., AND CIRCLE INTERNET FINANCIAL, LLC,<br>*Defendants*. | CASE NO. 1:26-CV-11733-WGY |

**DEFENDANT CIRCLE INTERNET FINANCIAL, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS TO PRODUCE DOCUMENTS**

## PRELIMINARY STATEMENT

Circle Internet Financial, LLC ("CIF") has made a diligent and good-faith effort to obtain the information necessary to respond to Plaintiffs' First Requests to Produce (the "Requests"). CIF provides these responses based on its current knowledge and without prejudice to its right to supplement or modify responses to incorporate later identified information.

CIF's responses and objections to Plaintiffs' Requests do not constitute statements, admissions, or acknowledgments that documents within the categories Plaintiffs request exist, are within CIF's possession, custody, and control, or are within the proper scope of discovery. Objections to producing documents and statements that CIF will search for or produce documents responsive to a particular Request to the extent they are identified are not intended to imply that certain documents exist. Instead, such statements are intended to mean that, if responsive documents exist and are not subject to an asserted objection, CIF will undertake to produce such documents to the extent they are located as part of a reasonable search for such documents.

CIF reserves the right to produce certain documents in accordance with a protective order and such other agreements the parties may reach as part of this case.

## GENERAL OBJECTIONS

The following General Objections are incorporated into each and every response as though fully set forth there. Specific objections to an individual Request are in addition to these General Objections.

1. CIF objects to the Requests, including without limitation the definitions, rules of construction, and instructions therein, to the extent that they purport to impose on CIF obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts. CIF will respond to these Requests for Production consistent with the requirements of those rules.

2. CIF objects to the Requests to the extent they seek the disclosure of information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege, law, or rule. CIF hereby claims such privileges and protections to the fullest possible extent. CIF further objects to the Requests to the extent they seek the disclosure of information that is protected from disclosure by operation of law.

3. CIF objects to Plaintiffs' definition of "Circle," "You," and "Your" as overly broad to the extent they include any person or entity other than Circle Internet Financial, LLC, which is the responding party in this action. CIF further objects to Plaintiffs' definition of "Circle," "You," and "Your" as overly broad to the extent they include third parties, including but not limited to outside legal counsel. CIF will not produce documents on behalf of any third party.

4. CIF objects to the Requests to the extent they seek proprietary, confidential, or competitively sensitive business information not related to the claims and defenses in this lawsuit from CIF or any third parties with whom it may have a business relationship.

5. CIF objects to the Requests to the extent they seek documents or information that are outside of the possession, custody, or control of CIF.

6. CIF objects to the Requests that call for "all" Documents or Communications as overly broad, unduly burdensome, and not proportional to the needs of the case because they do not set reasonable limitations on custodial sources. CIF will agree to search custodial files for individuals that it reasonably determines are likely to have non-duplicative discoverable information that is proportional to the needs of the case (the "Custodians"). CIF will provide a list of those Custodians to Plaintiffs.

7. CIF objects to the Requests that call for "all" Documents or Communications as overly broad, unduly burdensome, and not proportional to the needs of the case because they do not set reasonable limitations on search terms or date ranges. CIF will apply reasonable search terms to identify potentially responsive documents and will provide those terms to Plaintiffs. Unless stated otherwise in response to a specific Request, CIF will apply the date range of April 1 to April 14, 2026 ("Relevant Period").

8. A statement by CIF that it will produce information or documents in response to a particular Request is not to be construed as an admission that any responsive information or documents now exist or previously existed, or that any responsive information or documents are within CIF's possession, custody, or control, or that, if such information exists, it is non-privileged.

9. CIF reserves the right to supplement or amend its responses and objections pursuant to the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** All Documents and internal Communications Concerning the Drift Exploit.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to, and without waiving, the foregoing objections, CIF will conduct a reasonable search of the files of its Custodians and produce responsive, non-privileged documents within its possession, custody, or control during the Relevant Period.

**Request for Production No. 2:** All Communications and Documents You sent to and/or received from any other person or entity, including Drift or any government entity, Concerning the Drift Exploit.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to the Request as vague in its use of the term "any other person or entity." CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. CIF further objects to this Request to the extent that the information it seeks is protected from disclosure by operation of law.

Subject to, and without waiving, the foregoing objections, CIF will conduct a reasonable search of the files of its Custodians and produce responsive, non-privileged documents within its possession, custody, or control during the Relevant Period.

**Request for Production No. 3:** All Documents and Communications Concerning Your investigation of, and response to, the Drift Exploit, including any post-action review or post-mortem.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to the Request as vague in its use of the terms "post-action review or post-mortem." CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. CIF further objects to this Request on grounds that the information it seeks is protected from disclosure by operation of law.

Subject to, and without waiving, the foregoing objections, CIF will conduct a reasonable search of the files of its Custodians and produce responsive, non-privileged documents within its possession, custody, or control during the Relevant Period.

**Request for Production No. 4:** All Documents Concerning the Drift Exploiters' use of USDC or Circle's CCTP to transfer assets to the Ethereum blockchain and into Ether, including any Documents concerning the potential freezing of the USDC or blocking of the wallets used by the Drift Exploiters.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians,

search terms, or date ranges. CIF further objects to the Request as vague in its use of the phrase "use of USDC and Circle's CCTP to transfer assets to the Ethereum blockchain and into Ether." CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. CIF further objects to this Request on grounds that the information it seeks is protected from disclosure by operation of law.

Subject to, and without waiving, the foregoing objections, CIF will conduct a reasonable search of the files of its Custodians and produce responsive, non-privileged documents within its possession, custody, or control during the Relevant Period.

**Request for Production No. 5:** All Documents Concerning Your policies and procedures for monitoring suspicious activity involving CCTP transactions, wallets, sanctioned or high-risk addresses, exploit-related funds, or compromised protocols.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to the Request as vague in its use of the term "high-risk addresses." CIF further objects to this Request on grounds that it seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case. CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. CIF is willing to meet and confer with Plaintiffs about this Request.

**Request for Production No. 6:** All Documents Concerning Your policies and procedures for freezing or blocking the transfer of USDC to and from wallets.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to this Request on grounds that it seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case. CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to, and without waiving, the foregoing objections, CIF will agree to produce its Access Denial Policy that was effective as of the time of the alleged exploit.

**Request for Production No. 7:** If You contend You do not have legal authority to freeze or block the transfer of USDC to and from specific wallets due to suspicious activity, all Documents supporting Your contention.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. CIF further objects to this Request as ambiguous. CIF further objects to this Request on grounds that it seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case given that the

existence of legal authority for CIF to take certain action is irrelevant to whether CIF had a duty to take action. CIF further objects to the Request as vague in its use of the term "suspicious activity." CIF further objects to this request on grounds that it calls for a legal conclusion that is beyond the scope of discoverable information.

Subject to, and without waiving, the foregoing objections, CIF will produce responsive, non-privileged documents regarding freezing or blocking USDC in relation to the Drift Exploit.

**Request for Production No. 8:** If You contend You did not have legal authority to freeze or block the transfer of USDC to and from the specific wallets relating to the Drift Exploiters, all Documents supporting Your contention.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. CIF further objects to this Request on grounds that it seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case given that the existence of legal authority for CIF to take certain action is irrelevant to whether CIF had a duty to take action. CIF further objects to this request on grounds that it calls for a legal conclusion that is beyond the scope of discoverable information.

Subject to, and without waiving, the foregoing objections, CIF will produce responsive, non-privileged documents regarding freezing or blocking USDC in relation to the Drift Exploit.

**Request for Production No. 9:** Documents sufficient to identify every wallet (and value of assets contained therein at any point) that You associated with the Drift Exploit, including those Concerning the Drift Exploiters, victims, intermediaries, exchanges, OTC desks, mixers, bridges, or recovery efforts.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to the Request as vague in its use of the term "recovery efforts." CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to, and without waiving, the foregoing objections, CIF will conduct a reasonable search of the files of its Custodians and produce responsive, non-privileged documents within its possession, custody, or control during the Relevant Period.

**Request for Production No. 10:** All Documents and internal Communications Concerning the use of CCTP by third parties in connection with fraud or theft, including any studies, analyses, and reports.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to the Request as vague in its use of the phrase "use of CCTP by third parties in connection with fraud or theft." CIF further objects to this Request on grounds that it seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case. CIF further objects to this Request on grounds

that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. CIF further objects to this Request to the extent that the information it seeks is protected from disclosure by operation of law.

Subject to, and without waiving, the foregoing objections, CIF will conduct a reasonable search of the files of its Custodians and produce responsive, non-privileged documents within its possession, custody, or control during the Relevant Period, to the extent that they related to the alleged exploit of the Drift Protocol on April 1, 2026.

**Request for Production No. 11:** All Documents reflecting or Concerning any contracts, partnerships, integration or business relationships between You and Drift.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to, and without waiving, the foregoing objections, CIF will conduct a reasonable search of the files of its Custodians and produce responsive, non-privileged documents within its possession, custody, or control during the Relevant Period.

**Request for Production No. 12:** Documents sufficient to show all entities involved in the design, development, operation, maintaining, governing, administering, or controlling of the CCTP.

**RESPONSE:** CIF objects to the Request as vague in its use of the terms "involved in the design, development, operation, maintaining, governing, administering, or controlling of the CCTP."

Subject to, and without waiving, the foregoing objections, CIF states that it will produce documents sufficient to show the legal entity or entities responsible for designing and deploying CCTP.

**Request for Production No. 13:** All terms and conditions regarding the products and services offered by You.

**RESPONSE:** CIF objects to this Request on grounds that it seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case.

Subject to, and without waiving, the foregoing objections, CIF states that it will produce final versions of terms and conditions governing products and services relevant to this dispute that were in effect during the Relevant Period.

**Request for Production No. 14:** Internal Documents sufficient to show how the CCTP operates, including technical manuals, training guides, and user manuals.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it appears to seek internal documents specifically as opposed to public documents, which are freely available to Plaintiffs and provide sufficient explanation of how CCTP functions.

Subject to, and without waiving, the foregoing objections, CIF states that it will produce documents sufficient to show how CCTP functions.

**Request for Production No. 15:** Any insurance policy covering, or providing potential coverage, of the claims asserted in this lawsuit.

**RESPONSE:** Subject to, and without waiving, its General Objections, CIF will produce a copy of any insurance policy that covers the claims asserted in this lawsuit, to the extent such a policy exists and can be located after a reasonable search.

**Request for Production No. 16:** All organizational charts in effect on April 1, 2026, identifying the names and titles of Your employees and management, including reporting structure.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited to employees and management who are reasonably likely to have discoverable information. CIF is willing to meet and confer with Plaintiffs about this Request.

**Request for Production No. 17:** All Documents and Communications Concerning any public statements You made about the Drift Exploit, such as the statements made by Circle CEO Allaire in South Korea in April 2026, including Documents and Communications regarding the drafting, review, approval, publication, correction, retraction, public response or reception of such public statements.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to the Request as vague in its use of the term "public response or reception." CIF further objects to this Request on grounds that it seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case. CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without

limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to, and without waiving, the foregoing objections, CIF will produce responsive, non-privileged documents reflecting any official public statements it made regarding the Drift Exploit within its possession, custody, or control during the Relevant Period.

**Request for Production No. 18:** All Documents and Communications Concerning any freeze, block, blacklist, transfer restriction, redemption restriction, or CCTP restriction applied to any wallet, transaction, or USDC associated with the Drift Exploit.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to the Request as vague in its use of the term "CCTP restriction." CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. CIF further objects to this Request on grounds that the information it seeks is protected from disclosure by operation of law.

Subject to, and without waiving, the foregoing objections, CIF will conduct a reasonable search of the files of its Custodians and produce responsive, non-privileged documents within its possession, custody, or control during the Relevant Period.

**Request for Production No. 19:** Your Access Denial Policy, including any Documents regarding any drafts or changes thereto.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians,

search terms, or date ranges. CIF further objects to this Request on grounds that it seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case to the extent it seeks discovery into policies not in force during the Relevant Period. CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection.

Subject to, and without waiving, the foregoing objections, CIF will agree to produce its Access Denial Policy that was effective as of the time of the alleged exploit.

**Request for Production No. 20:** All Documents and Communications Concerning any use of the CCTP in conjunction with cybercrimes reported to You or discovered by You, including but not limited to the $13 million SwapNet exploit and the $61 million stolen in USDC identified in Paragraph 38 of Plaintiffs' First Amended Complaint.

**RESPONSE:** CIF objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited by a reasonable set of custodians, search terms, or date ranges. CIF further objects to this Request on grounds that it seeks information that is neither relevant to the claims and defenses in this action nor proportional to the needs of the case. CIF further objects to this Request on grounds that it appears to seek documents that are protected from disclosure by applicable privileges or protections, including without limitation the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection. CIF further objects to this Request on grounds that the information it seeks is protected from disclosure by operation of law.

Subject to, and without waiving, the foregoing objections, CIF will conduct a reasonable search of the files of its Custodians and produce responsive, non-privileged documents within its possession, custody, or control during the Relevant Period, to the extent that they related to the alleged exploit of the Drift Protocol on April 1, 2026.

**Request for Production No. 21:** All Documents and Communications Concerning any use of the CCTP in conjunction with cybercrimes reported to You or discovered by You, including but not limited to the $13 million SwapNet exploit and the $61 million stolen in USDC identified in Paragraph 38 of Plaintiffs' First Amended Complaint.

**RESPONSE:** CIF objects to this Request as duplicative of RFP No. 20. Accordingly, CIF incorporates its response and objections to RFP No. 20 as if stated here.

Dated: August 10, 2026

CIRCLE INTERNET FINANCIAL, LLC,

By its counsel,

*/s/ Christopoher M. Morrison*

Christopher M. Morrison, BBO# 651335
JONES DAY
680 Atlantic Avenue, Suite 2400
Boston, MA 02110
Telephone: 1.617.960.3939
Facsimile: 1.617.449.6999
cmorrison@jonesday.com

Paula S. Quist (admitted *pro hac vice*)
JONES DAY
110 N. Wacker Dr., Suite 4800
Chicago, IL 60606
Telephone: 1.312.269.4277
pquist@jonesday.com

Mark W. Rasmussen (admitted *pro hac vice*)
JONES DAY
2727 N. Harwood St., Suite 600
Dallas, TX 75201
Telephone: 1.214.969.4892
mrasmussen@jonesday.com

Alexander J. Wilson (admitted *pro hac vice*)
JONES DAY
250 Vesey St.
New York, NY 10281
Telephone: 1.212.326.8390
alexanderwilson@jonesday.com

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2026, a copy of the foregoing **DEFENDANT CIRCLE INTERNET FINANCIAL, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS TO PRODUCE** were served on all counsel of record.

*/s/ Timothy M. Villari*
Timothy M. Villari